UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| BENJAMIN ASHLEY RAY DICKENS | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:11-1203 |
| | ] | Judge Trauger |
| JOE EASTERLING, WARDEN | ] | |
| Respondent. | ] | |

# **M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Joe Easterling, his former custodian at the Hardeman County Correctional Facility, seeking a writ of habeas corpus.[1]

## I. Background

On May 9, 2006, a jury in Davidson County found the petitioner guilty of first degree felony murder. Docket Entry No.42-1 at

---

[1] When this action began, the petitioner was an inmate at the Morgan County Correctional Complex. David Osborne is Warden there and he was named as respondent. Later, the petitioner was transferred to the Hardeman County Correctional Facility where Joe Easterling is Warden. Docket Entry No.40. On respondent's motion, Joe Easterling replaced David Osborne as respondent. Docket Entry No.48. The petitioner has since been transferred again to his present place of confinement. Docket Entry No.57. No effort has been made to replace Joe Easterling with petitioner's current custodian.

1

pg.28. For this crime, he received a sentence of life imprisonment. *Id.* at pg.30. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the petitioner's conviction and sentence. Docket Entry No.42-7. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No.42-9.

In November, 2008, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. Docket Entry No.43-1 at pgs.6-13. Following the appointment of counsel, amendments to the petition and an evidentiary hearing, the petitioner was denied post-conviction relief. *Id.* at pgs.56-63. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.43-7.

## II. Procedural History

On December 19, 2011, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). By an order (Docket Entry No.4) entered four days later, the respondent was directed to file an answer, plead or otherwise respond to the petition.

Before a response to the petition was filed, the petitioner moved the Court to hold his petition in abeyance to allow him an opportunity to fully exhaust all state court remedies. Docket Entry No.10. The petitioner's motion was granted and this action was administratively closed. Docket Entry No.13.

In March, 2012, the petitioner filed a motion asking for the

2

case to be reopened. Docket Entry No.17. The motion was granted and the respondent was again directed to file an answer, plead or otherwise respond to the petition. Docket Entry No.18.

On July 6, 2012, the respondent filed an Answer to the petition. Docket Entry No.41. The petitioner was then granted leave to file an amended petition. Docket Entry No.48.

Presently before the Court is the petitioner's amended petition (Docket Entry No.51), to which the respondent has filed an amended Answer (Docket Entry No.58).

In the amended petition, the petitioner asserts fourteen (14) claims for relief. More specifically, he alleges that

> 1) counsel was ineffective because he neglected to seek a negotiated settlement of the case prior to trial;[2]
>
> 2) counsel was ineffective because he abandoned their agreed upon defense, i.e., that petitioner was buying marijuana without any knowledge that a robbery was taking place;
>
> 3) counsel was ineffective when he made "discouraging and incriminating" statements to the jury that ultimately persuaded it to believe that the petitioner was guilty of robbery;
>
> 4) counsel was ineffective because he failed to impeach prosecution witnesses with proof that they were drug dealers;
>
> 5) counsel was ineffective for failing to challenge the testimony of Christopher

---

[2] At trial, the petitioner was represented by Michael J. Flanagan, a member of the Davidson County Bar.

3

>    Crockett regarding the locks to the door
>    being broken;
>
> 6) counsel was ineffective for failing to
>    hire a private investigator;
>
> 7) counsel was ineffective for neglecting to
>    subpoena Detective Kelton to impeach the
>    testimony of Christopher Crockett regarding
>    ownership of drugs and scales;
>
> 8) counsel was ineffective for telling the
>    jury "you promised you would listen to the
>    evidence from the witness stand and base
>    your decision only on that";
>
> 9) counsel was ineffective for not emphasizing
>    to the jury that the petitioner had not worn
>    a mask during the robbery;
>
> 10) counsel was ineffective for failing to
>     impeach the testimony of Christopher Crockett
>     with his prior criminal record;
>
> 11) counsel was ineffective for not doing more
>     to impeach the testimony of Mary Jane Crockett
>     and Christopher Crockett;
>
> 12) counsel was ineffective for neglecting to
>     hire an independent psychologist and psychiatrist
>     to fairly evaluate his mental state;
>
> 13) the prosecutor acted improperly by appealing
>     to the jurors as parents of small children and
>     by vouching for the petitioner's guilt beyond
>     a reasonable doubt; and
>
> 14) the prosecutor acted improperly when he
>     "used a false impression of evidence to support
>     his case".

Having carefully considered the amended petition, respondent's amended Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* <u>Smith v. United States of America</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an

4

evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the amended petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**1) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985); 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838,845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509,518-520 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). A claim has been fairly presented when the petitioner has raised both the factual and legal bases for his claim in the state courts. Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006). In other words, the petitioner must present "the same

claim under the same theory" to the state courts. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner raised a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Wilson v. Mitchell, 498 F.3d 491, 498-99 (6th Cir. 2007).[3]

The petitioner alleges that counsel was ineffective for making "discouraging and incriminating" statements to the jury (Claim No.3), for failing to hire a private investigator (Claim No.6), for telling the jury "you promised you would listen to the evidence from the witness stand and base your decision only on that" (Claim No.8), and for not doing more to impeach the testimony of Mary and Christopher Crockett (Claim No.11).

These claims were never raised in the state courts on either direct appeal or during post-conviction proceedings. *See* Docket Entry No.42-5 (direct appeal); Docket Entry No.43-5 (post-conviction). Unfortunately, at this late date, state court remedies for these claims are no longer available. Tenn. Code Ann. § 40-30-

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of a federal constitutional issue forfeits the right to federal review of that issue, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation. Gray v. Netherland, 518 U.S. 152,162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754,764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478,488 (1986). To

establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152,170-172 (1982).

Here, the petitioner asserts that the failure to raise his unexhausted ineffective assistance claims is attributable to post-conviction appellate counsel. Docket Entry No.51 at pg.26. The ineffectiveness of appellate counsel can serve as cause for a procedural default. Murray, *supra* at pgs.488-489. However, unless the ineffectiveness of appellate counsel has itself already been fully exhausted as an independent constitutional claim, it cannot serve as cause for another procedurally defaulted claim. Edwards v. Carpenter, 529 U.S. 446,453 (2000). In this regard, the petitioner has never alleged the ineffectiveness of post-conviction appellate counsel as an independent constitutional claim in the state courts. Nor has he shown prejudice resulting from the alleged unexhausted instances of ineffective assistance. Consequently, these claims (Claim Nos.3,6,8 and 11) will not support an award of habeas corpus relief.

During post-conviction proceedings, the petitioner alleged misconduct on the part of the prosecutor during closing arguments (Claim Nos.13 and 14). The state courts found that these claims had been waived because they could have been raised on direct appeal but were not. Docket Entry No.43-7 at pgs.11-12.

Waiver is an adequate and independent state ground that will

support a finding of procedural default. Cone v. Bell, 492 F.3d 743,758 (6th Cir.2007). The petitioner did not raise these claims on direct appeal even though they were available to him. Docket Entry No.42-5. He has offered no cause and prejudice from which his procedural default of these claims could be excused. Therefore, these claims are also insufficient to support an award of habeas corpus relief.

**2) Fully Exhausted Claims**

The petitioner's remaining claims allege that trial counsel had been ineffective in other ways. More specifically, counsel neglected to seek a negotiated settlement of the charge prior to trial (Claim No.1), counsel abandoned the agreed upon defense (Claim No.2), counsel should have done more to impeach the testimony of prosecution witnesses (Claim Nos.4,5,7 and 10), counsel failed to emphasize to the jury that the petitioner had not worn a mask during the robbery (Claim No.9), and counsel should have hired an independent psychologist and psychiatrist to fairly evaluate the petitioner's mental state (Claim No.12).[4]

Each of these claims was fully exhausted on the merits in the state courts during post-conviction proceedings. *See* Docket Entry No.43-5. When a claim has been adjudicated on the merits in state

---

[4] The petitioner was represented by at least two other attorneys (Michael Sneed and Michael Urquhart) before Michael Flanagan was appointed to represent him. Docket Entry No.43-2 at pg.72.

court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency.

10

Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner alleges that counsel was ineffective for neglecting to seek a negotiated settlement of the case prior to trial (Claim No.1).

At petitioner's post-conviction evidentiary hearing, counsel testified that he did engage in plea negotiations with the prosecutor for a settlement involving a sentence of thirty five (35) years in prison. Docket Entry No.43-2 at pgs.73-74. Counsel stated that he discussed a possible plea with the petitioner but that he would not agree to accepting a thirty five year sentence. *Id.* at pg.88. Counsel's testimony was in direct conflict with that of the petitioner. The state trial court chose to accredit counsel's testimony over that of the petitioner. Docket Entry No.43-1 at pgs.57-58. The petitioner has offered nothing in the way of evidence suggesting that counsel was untruthful about negotiating with the prosecutor. Nor would counsel be ineffective simply because the petitioner did not like the offer negotiated by

counsel. Therefore, the state courts did not violate federal law by finding that counsel had not been ineffective in this regard.

The petitioner next claims that counsel was ineffective for abandoning their agreed upon defense, i.e., that the petitioner was at the scene to buy some marijuana and that he had no involvement in a robbery and felony murder (Claim No.2).

At trial, testimony from prosecution witnesses (Mary Crockett Green and Christopher Crockett) made such a defense untenable. These witnesses told the jury that the petitioner arrived at the scene brandishing a pistol and demanding money. Docket Entry No.42-2 at pgs.18,51-53. The jury was also told that the petitioner later exchanged gunfire with one of the prosecution witnesses. *Id.* at pg.69. Thus, the evidence showed that the petitioner had arrived at the scene with a weapon demanding money and that he discharged the weapon at the scene.

In light of this testimony, counsel developed a defense that would potentially explain petitioner's possession and use of a weapon. Counsel sought to convince the jury that the petitioner had come to the scene to rob its occupants and was unaware that a second robbery and murder was taking place. Docket Entry No.43-2 at pg.80. While this defense was wholly unsuccessful, it was developed to fit the testimony elicited from prosecution witnesses. Modifying a defense to fit the evidence is a tactical decision and tactical decisions are particularly difficult to attack. O'Hara v.

Wigginton, 24 F.3d 823,828 (6th Cir.1994). According to counsel, the petitioner did not specifically identify what he wanted his defense to be. *Id.* at pg.96. In any event, the petitioner has failed to show how he was prejudiced by counsel's failure to argue a defense in which he was at the scene simply to purchase drugs. As a consequence, counsel was not ineffective in this instance.

Counsel was next ineffective for allegedly failing to impeach the testimony of certain prosecution witnesses (Claim Nos.3,4,7 and 10).

The petitioner contends that counsel should have done more to impeach the testimony of the prosecution witnesses by showing that they were drug dealers whose word could not be trusted. At trial, counsel asked one of the prosecution witnesses (Christopher Crockett) if he had left the house before the police arrived to dispose of some illegal drugs in a trash can. That witness invoked his rights under the Fifth Amendment rather than answer the question. Docket Entry No.42-2 at pg.88. The witness also pled the Fifth Amendment when asked if he had ever stored marijuana in the house. *Id.* at pg.97. Large amounts of drugs and cash were recovered from the crime scene. The prosecution made reference to a prosecution witness being a drug dealer in closing argument. Docket Entry No.43-1 at pg.59. The jury, then, was well aware that the "victims' were involved in illicit drugs. The petitioner has failed to show how additional impeachment of their testimony would have

13

rendered a different verdict. Therefore, these claims are without merit.

The petitioner's next claim is that counsel was ineffective for not emphasizing to the jury that the petitioner had not worn a mask, thus bolstering his assertion that he was there to buy drugs rather than rob the victims (Claim No.9).

The victims had no difficulty identifying the petitioner as the man who had entered their home brandishing a pistol and demanding money. Neither suggested in their testimony that the petitioner had worn a mask. Consequently, the petitioner has failed to show in what way further mention of his unmasked face would have been of benefit to him.

Finally, the petitioner believes that counsel was ineffective for neglecting to hire an independent psychologist and psychiatrist to evaluate his mental state (Claim No.12).

Prior to trial, a psychiatric evaluation of the petitioner was conducted at the Vanderbilt Medical Center. Docket Entry No.43-4 at pg.13. Petitioner was then ordered to submit to further evaluation at the Regional Mental Health Facility. *Id.* at pg.15. It was determined that the petitioner was competent to stand trial. The petitioner has offered no factual allegations to suggest that further evaluation by independent sources would have led to a different conclusion. Thus, the petitioner has failed to show in what way counsel was ineffective in this regard.

## IV. CONCLUSION

The state courts applied the holding of Strickland, *supra*, to petitioner's fully exhausted ineffective assistance claims and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. The record supports these findings. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's remaining claims was neither contrary to nor an unreasonable application of federal law. Consequently, petitioner's remaining claims have no merit.

_____
Aleta A. Trauger
United States District Judge